CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

March 30, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DONOVAN MITCHELL JOHNSON, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 7:25-cv-170 |
| | ) | |
| v. | ) | |
| | ) | |
| DEBBIE REYNOLDS, et al., | ) | By: Hon. Robert S. Ballou |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Plaintiff Donovan Johnson, ("Plaintiff"), a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983, alleging that Defendants Debbie Reynolds ("Reynolds"), Captain Todd Tatum ("Tatum"), and Major Larry "Chad" Kilgore ("Kilgore") (collectively, "Defendants"), violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), and the First and Fourteenth Amendments to the U.S. Constitution by not providing him with a kosher diet in line with his Jewish faith. Dkt. 3. Plaintiff seeks money damages and injunctive relief, asking the court to instruct the Southwest Virginia Regional Jail in Abingdon, Virginia ("the Jail") where Plaintiff is incarcerated to provide him with a kosher diet. *Id* at 6. Defendants jointly filed a motion to dismiss on July 8, 2025. Dkt. 26. For reasons set forth below, Defendants' motion will be **GRANTED**, and this action will be **DISMISSED WITHOUT PREJUDICE**.

1

## I.      Standard of Review

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[C]ourts are obligated to liberally construe *pro se* complaints, however inartfully pleaded." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 (4th Cir. 2017). Liberal construction is particularly important when *pro se* complaints allege civil rights violations. *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. 2021).

## II.      Background[1]

Plaintiff alleges that the Jail has denied him access to kosher food, as required by his Jewish faith. Dkt. 3, at 4. Plaintiff wrote to the Jail's food service administrator, Defendant

---

[1] Defendants allege that Plaintiff's response in opposition to the motion to dismiss improperly added "additional factual and conclusory allegations," which the Court should not consider when deciding Defendants' motion to dismiss. Dkt. 32, at 3. However, in determining a motion to dismiss in a § 1983 case, courts may incorporate into the complaint outside arguments and documentation submitted by a *pro se* litigant. *Holley v. Combs*, 134 F.4th 142, 144 (4th Cir. 2025) (citing *Garrett v. Elko*, 120 F.3d 261, at *1 (4th Cir. 1997); *Gordon v. Leeke*, 574 F.2d 1147, 1149–51 (4th Cir. 1978)). In determining this motion to dismiss, the Court will consider factual allegations from the Complaint and Plaintiff's response to the motion to dismiss.

Reynolds, on April 12, 2024, requesting a kosher diet, and she responded, "that no meat is the only provided meal" alternative available at the Jail. *Id*. Plaintiff contends that he filed three requests and two grievances to the Jail's administrators between April and September of 2024[2], and was advised by Defendant Tatum that "the food being served . . . is Kosher and coming out of Kosher cans." *Id.* Plaintiff disputes that the food is kosher and contends that Tatum does not understand what kosher means. *Id.* He further alleges that he wrote to Tatum on January 8, 2025, and Defendant Kilgore on June 8, 2025, asking about his kosher diet request. *Id.* at 4–5. Plaintiff did not receive a response from Kilgore. *Id.* at 5.

Plaintiff alleges that, when appealing his grievance to Tatum, he explained that the food was not kosher in terms of how "the food was prepared and given to me." Dkt. 30, at 1–2. He says that he "explained Rabbinic law and Kosher requirements" in his letter to Kilgore. *Id*. at 2. He notes that "Jewish dietary law is strict" and that "the no meat and regular menu both violate my religious Kosher dietary laws." *Id*. at 5. Plaintiff attaches two letters to his response to Defendants' motion to dismiss. *Id*. at 10–11. The first letter is from Kilgore to Plaintiff and states "[a]ll of the inmate population food is already processed and packaged as Kosher prior to delivery to the jail. No jell-o or pork is served. . . Kosher requirements have nothing to do with a rabbi blessing the food." *Id*. at 10. The second letter is from Tatum and provides the same response. *Id*. at 11. Plaintiff asserts that he suffered injury associated with "[b]eing forced to eat non-kosher trays." Dkt. 3, at 4.

---

[2] Plaintiff lists his requests as follows: a request to Reynolds on 04/12/2024, Ref. #19,348,252; a request (recipient not listed) on 04/15/2024, Ref. #19,348,683; a request (recipient not listed) on 07/25/2024, Ref. #20,609,492; a request (recipient not listed) on 09/05/2024, Ref. #21,116,493; grievances (recipients not listed) on 05/07/2024 and 07/27/2024; an appeal to Tatum (date not listed); a letter to Tatum on 01/08/2025; and a letter to Kilgore on 07/08/2025. Dkt. 3, at 4.

Defendants filed a joint motion to dismiss, asserting that Plaintiff has not stated a plausible claim for relief by "alleg[ing] facts to demonstrate that the Defendants placed a 'substantial burden on his ability to practice his religion.'" Dkt. 27, at 5 (citing *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018); *Wright v. Lassiter*, 921 F.3d 413, 418 (4th Cir. 2019)). Defendants contend that Plaintiff "does not allege any facts to establish how or why the Jail's 'no meat' diet violates his religious kosher dietary restrictions." Dkt. 27, at 6. In the alternative, Defendants assert that even if the "no meat" diet violated Plaintiff's religious dietary restrictions, Plaintiff has not alleged why "he is unable to accommodate his dietary restrictions by self-selecting from the Jail's other menu options . . ." *Id.* at 7–8. Defendants claim that Plaintiff fails to allege facts sufficient to state a claim against Kilgore, and that Plaintiff's requests for money damages in RLUIPA claims is impermissible.[3] *Id.* at 8–9.

**III. Analysis**

Plaintiff filed this action under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). He also brings a claim under RLUIPA, which prevents the defendants from imposing a substantial burden on an inmate's religious exercise unless that burden "furthers a compelling governmental interest and is the least restrictive means." 42 U.S.C. §§ 2000cc, et seq.

---

[3] The Court will decide the motion to dismiss without reaching these two issues.

**A. First Amendment – Free Exercise of Religion and RLUIPA Claims**

The Free Exercise Clause of the First Amendment "requires prison officials to reasonably accommodate an inmate's exercise of sincerely held religious beliefs." *Greenhill v. Clarke*, 944 F.3d 243, 250 (4th Cir. 2019) (citations omitted). "In order to state a claim for violation of rights secured by the Free Exercise Clause, an inmate, as a threshold matter, must demonstrate that: (1) he holds a sincere religious belief; and (2) a prison practice or policy places a substantial burden on his ability to practice his religion." *Id.* (quoting *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018)). "Under the Free Exercise Clause, a prisoner has a clearly established right to a diet consistent with his religious principles." *Atkins v. Md. Div. of Corr.*, No. CIV.A. PWG-14-3312, 2015 WL 5124103, at *8 (D. Md. Aug. 28, 2015) (citing *Wall v. Wade*, 741 F.3d 492, 498–500 (4th Cir. 2014)). The plaintiff can show a substantial burden existed if the prison policy puts him to a choice between abandoning his religion or following his beliefs and losing a government benefit. *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006).

Similarly, RLUIPA prohibits the government from imposing a substantial burden on an inmate's religious exercise unless the government decides that "the burden furthers a compelling governmental interest and is the least restrictive means" of doing so. *Carter v. Fleming*, 879 F.3d 132, 140 (4th Cir. 2018) (citing 42 U.S.C. § 2000cc-1(a); *Holt v. Hobbs*, 574 U.S. 352 (2015)). "A practice or policy places a substantial burden on a person's religious exercise when it 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018).

For the purposes of this motion to dismiss, the Court accepts that Plaintiff holds a sincere religious belief. However, Plaintiff does not allege how the Jail's dietary offerings place a substantial burden on his ability to practice his religion. Specifically, Plaintiff makes broad,

conclusory allegations that the Jail meals are not kosher but does not provide any details as to

*how* the Jail's food offerings violate kosher standards. *See generally* Dkt. 3. Plaintiff does not

specify whether these standards were breached by deficiencies in the food's content or

preparation, or in another manner. *Id*. Plaintiff states that the food is not kosher in terms of how

it was "prepared and given to [him]," Dkt. 30, at 2, but provides no information as to how the

Jail's food preparation process or distribution conflicts with kosher standards. Simply stating that

the Jail's food is not kosher, without providing additional details, is a conclusory allegation that

does not allow the Court to determine whether the alleged deficiencies substantially burdened

Plaintiff's religious beliefs. *See e.g., Blount v. Wright*, No. 7:11CV00195, 2011 WL 1631004, at

*2 (W.D. Va. Apr. 28, 2011) (dismissing RLUIPA action for failure to state a claim where the

plaintiff did "not state what his religious beliefs [were] or what dietary requirements [were] set

by those beliefs, other than to 'eat kosher.' Similarly, he state[d] no facts concerning the nature

of the diet loaf itself, why it [did] not satisfy kosher principles, or what other aspect of these

meals [was] inconsistent with his beliefs.").

Accordingly, Plaintiff has not sufficiently alleged or explained how the Jail's current diet

options fail to meet his kosher standards. Plaintiff's complaint, liberally construed, does not

contain sufficient factual matter to state a claim for relief that the Jail's meal policy places a

substantial burden on his religious exercise.

## B. Fourteenth Amendment – Equal Protection Claim

Plaintiff also contends that Defendants violated his Fourteenth Amendment rights.[4] Dkt.

3, at 5. Inmates have a right to be "free from religious discrimination under the Fourteenth

---

[4] In Plaintiff's response to Defendants' motion to dismiss, Plaintiff acknowledges that he
intended to make this claim under the Fourteenth Amendment, rather than the Thirteenth
Amendment. *See* Dkt. 30, at 2 ("Somehow I wrote the 13th when I meant the 14th"). The Court,

Amendment. *Haendel v. Clark*, No. 7:17-CV-00135, 2018 WL 4473118 (W.D. Va. Sept. 18, 2018) (citing *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). As a threshold question on a Fourteenth Amendment Equal Protection Claim, "a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison* at 654; *see also Hubbard v. Goldsboro Police Dep't,* No. 5:24-CV-267-FL, 2024 WL 3899362, at *2 (E.D.N.C. Aug. 22, 2024) (dismissing plaintiff's complaint for failure to state a claim after plaintiff did not identify similarly situated individuals); *Townes v. Jarvis*, 577 F.3d 543, 551 (4th Cir. 2009) (finding that plaintiff failed to allege intentional discrimination).

Plaintiff's amended complaint does not identify similarly situated individuals, such as other inmates with religious dietary restrictions, who have been treated differently from him. *See generally* Dkt. 3. Nor does he allege intentional discrimination by Defendants. *Id*. Plaintiff's allegations reflect that Plaintiff views Tatum as being mistaken about kosher requirements, rather than intentional. *See id.* at 4 (". . . I explained to him that he has not a clue what a Kosher diet is . . ."). Without identifying similarly situated individuals or alleging discriminatory intent, Plaintiff's Fourteenth Amendment claim cannot proceed.

### IV. Conclusion

For the reasons set forth above, Defendants' motion to dismiss (Dkt. 26) will be **GRANTED**, and this action will be **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an Amended Complaint providing factual allegations sufficient to support the alleged constitutional violations within 30 days of the date of this Order. If Plaintiff does not file an Amended Complaint within

---

therefore, will construe Plaintiff's claim as based in the Fourteenth Amendment's Equal Protection Clause.

this timeframe, this action will be stricken from the active docket of this court without further notice.

An appropriate Order accompanies this Memorandum Opinion.

Entered:  March 30, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge